IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE INSPIRATIONS IMPORTS, INC., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| DIANE G. REED, AS CHAPTER 7 | § | Civil Action No. 3:13-CV-4331-D |
| TRUSTEE OF INSPIRATIONS | § | (Bank. Ct. No. 09-33683-HDH-7) |
| IMPORTS, INC., | § | (Adv. No. 11-03365-HDH) |
| | § | |
| Plaintiff- | § | |
| Appellee, | § | |
| | § | |
| VS. | § | |
| | § | |
| ANA ALCALA, et al., | § | |
| | § | |
| Defendants- | § | |
| Appellants. | § | |

_____

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, Chief Judge:

In this appeal from a final judgment holding that a chapter 7 bankruptcy trustee was entitled to recover a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), the court must decide whether the bankruptcy court clearly erred in finding that the debtor did not receive reasonably equivalent value in exchange for a transfer and in holding defendants-appellants jointly and severally liable, and whether the bankruptcy court committed reversible error in declining to order the testimony of a witness who invoked the Fifth Amendment. Concluding that the bankruptcy court did not commit clear error in its factual findings or reversible error in its evidentiary ruling, the court affirms the judgment.

I

Nicholas Daryanani ("Daryanani"), who was not a party to the adversary proceeding below, was the president and sole owner of Inspirations Imports, Inc. ("Inspirations"), a chapter 7 debtor.  Daryanani agreed to purchase for the sum of $400,000 the jointly-owned equity interest of defendant-appellant Ana Alcala ("Alcala") and her husband defendant-appellant Kevin Mokhabery ("Mokhabery") in Starman Six Investments, LLC ("Starman"). Starman owned a commercial condominium property ("Starman property") located in Dallas. To pay for the purchase, Daryanani made a payment of $200,000 from his personal account. The following month, after Alcala and Mokhabery made demand on Daryanani, he wrote a check in the sum of $200,000 on Inspirations' operating account at MetroBank, N.A., payable to Alcala.  The memo line on the check stated: "full and final payment for Starman property." *In re Inspirations Imports, Inc.*, 2013 WL 4052869, at *1 (Bankr. N.D. Tex. Aug. 12, 2013) ("*Inspirations I*").  Defendants-appellants ("Appellants") maintain that the payments in the sum of $200,000 apiece were for Alcala and Mokhabery's full Starman membership interest.  They also contend that Daryanani and Inspirations jointly purchased the membership interest (for the purchase price of $400,000), and that there was no allocation of ownership made between Inspirations and Daryanani.

Inspirations filed a voluntary chapter 7 petition, and plaintiff-appellee Diane G. Reed ("Trustee") was appointed as trustee.  The Trustee filed the instant adversary proceeding pursuant to 11 U.S.C. § 548(a)(1)(B), seeking to avoid the transfer of $200,000 made from Inspirations' operating account.  Following a trial, the bankruptcy court adopted the

- 2 -

stipulated facts set out in the parties' amended joint pretrial order, and found, *inter alia*, that the $200,000 transfer was made for the benefit of Daryanani, who was individually purchasing Alcala's and Mokhabery's membership interest with funds from Inspirations' operating account, and not for the benefit of Inspirations.  Because the bankruptcy court found that Inspirations had not received reasonably equivalent value from Alcala for the transfer and was insolvent at the time of the transfer, it found that the transfer was avoidable under 11 U.S.C. § 548(a)(1)(B).  Accordingly, the bankruptcy court held that the Trustee was entitled under 11 U.S.C. § 550(a) to a judgment against Alcala and Mokhabery, jointly and severally, in the amount of $200,000.

Appellants appeal the judgment, contending that the bankruptcy court erred in not finding and concluding that the alter ego relationship between Daryanani and Inspirations made Daryanani's purchase of the membership interest for the benefit of Inspirations; finding and concluding that Inspirations did not receive reasonably equivalent value for the purchase of the membership interest and avoiding the transfer on that basis; finding and concluding that Mokhabery was a transferee of the funds and could be held liable under 11 U.S.C. § 550; failing to consider the transfers from Inspirations to Daryanani; and not compelling the testimony of Daryanani at the trial.

## II

"The court reviews the bankruptcy court's conclusions of law *de novo*, but reviews its fact findings only for clear error."  *In re Nary*, 253 B.R. 752, 756 (N.D. Tex. 2000) (Fitzwater, J.) (quoting *In re ICH Corp.*, 230 B.R. 88, 91 n.10 (N.D. Tex. 1999) (Fitzwater,

- 3 -

J.)).  "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed."  *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (N.D. Tex. 1997) (Fitzwater, J.) (quoting *In re Placid Oil Co.*, 158 B.R. 404, 412 (N.D. Tex. 1993) (Fitzwater, J.)).  "If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it."  *Id.* (quoting *Placid Oil Co.*, 158 B.R. at 412).  "[T]his court does not find facts.  Neither is it free to view the evidence differently as a matter of choice."  *Id.* (quoting *Placid Oil Co.*, 158 B.R. at 412).  "The bankruptcy judge's 'unique perspective to evaluate the witnesses and to consider the entire context of the evidence must be respected.'"  *Id.* (quoting *Placid Oil Co.*, 158 B.R. at 412).

The court reviews the bankruptcy court's evidentiary rulings under an abuse of discretion standard.  *In re Repine*, 536 F.3d 512, 518 (5th Cir. 2008).  If the court determines that the bankruptcy court abused its discretion, it applies the harmless error doctrine.  It will affirm the evidentiary ruling unless a "substantial right of the complaining party was affected."  *Triple Tree Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 265 (5th Cir. 2007) (citing *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002)).  Accordingly, "[i]n an appeal based on an evidentiary ruling of the Bankruptcy Court, an appellant must prove both: (1) that the Bankruptcy Court abused its discretion; and (2) that the appellant's substantial rights were prejudiced."  *In re Pequeno*, 223 Fed. Appx. 307, 308 (5th Cir. 2007) (per curiam) (citing *Roberts v. Poole*, 80 B.R. 81, 87 (N.D. Tex. 1987) (Fitzwater, J.)).

III

To prevail on a fraudulent transfer claim under § 548(a)(1)(B), the Trustee must prove that (1) the debtor transferred an interest in property, (2) the transfer of that interest occurred within two years prior to the filing of the bankruptcy petition, (3) the debtor was insolvent on the date of the transfer or became insolvent as a result thereof, and (4) the debtor received less than reasonably equivalent value in exchange for such transfer.  11 U.S.C.  § 548(a)(1)(B); *In re GWI PCS 1 Inc.*, 230 F.3d 788, 805 (5th Cir. 2000).  Appellants do not challenge the bankruptcy court's findings or conclusions with respect to the first three elements.

A

Appellants challenge the bankruptcy court's finding that "[t]he transfer was made for the benefit of . . . Daryanani, who was individually purchasing Alcala's and Mokhabery's 20% jointly-held membership interest in Starman Six with funds from the Debtor's operating account." *Inspirations I*, 2013 WL 4052869, at *1.  They also challenge the bankruptcy court's conclusion that "[t]he Debtor did not receive reasonably equivalent value from Alcala for the Transfer." *Id.* at *2.  They argue that Inspirations received an undivided one-half of the membership interest by putting up one half of the purchase money to secure the ownership of the interest.

"A bankruptcy court's finding of reasonably equivalent value is a factual determination subject to a 'clearly erroneous' standard of review." *In re TransTexas Gas Corp.*, 597 F.3d 298, 306 (5th Cir. 2010).  "The question of reasonable equivalence is

- 5 -

'largely a question of fact, as to which considerable latitude must be allowed to the trier of the facts.'" *Id.* (quoting *In re Dunham*, 110 F.3d 286, 289 (5th Cir. 1997)).  The bankruptcy court found from the evidence that "[t]he Transfer was made for the benefit of . . . Daryanani, who was individually purchasing Alcala's and Mokhabery's 20% jointly-held membership interest in Starman Six with funds from the Debtor's operating account."  *Inspirations I*, 2013 WL 4052869, at *1.  This finding is not clearly erroneous.

The parties stipulated that "[t]he document that was supposed to evidence the transfer of Alcala's and Mokhabery's Starman Six Membership Interest to Daryanani is a Mutual Release dated February 4, 2009 (the 'Mutual Release')."[1]  R. 104.  The Mutual Release, however, which purports to release claims by and against both Daryanani and Inspirations,[2] is not a conveyance document and states nothing about the person or entity to whom the membership interest was transferred.

_____

[1]They further stipulated that "[t]he $200,000 Check [from Inspirations] was in partial payment of the $400,000 purchase price for *Daryanani's purchase* of the Starman Six Membership Interest."  R. 104 (emphasis added).

[2]The Mutual Release provides, *inter alia*:

> In exchange for four hundred thousand dollars ($400,000.00) and other valuable consideration and the other terms and provisions herein, Kevin Mokhabery and Ana Alcala do hereby release, forever discharge, and forever hold harmless . . . Nick Daryanani; and Inspiration Imports of all actions, causes of action, suits, controversies, claims and demands whatsoever for . . . all claims arising prior to the date hereof under.

R. 352.  In addition, it states: "Nick Daryanani; and Inspiration Imports hereby release and forever hold harmless [Appellants] . . . from any and all claims relating to the real property located at 11532 Harry Hines Blvd., Dallas[.]" *Id.*

Other evidence in the record supports the bankruptcy court's finding that appellants transferred their membership interest solely to Daryanani. For example, on March 20, 2009 Alcala and Mokhabery, through their attorneys, sent a demand letter to Daryanani that stated:

> We represent and write on behalf of Ana Alcala and Kevin Mokhabery in connection with the breach of your agreement to purchase Ms. Alcala's share in [Starman] for the sum of $400,000.00. As you are aware, on February 4, 2009, you induced Ms. Alcala and Mr. Mokhabery to execute a Mutual Release in consideration of the payment of $400,000.00 for Ms. Alcala's interest in [Starman]. . . . However, immediately after inducing them to sign the Mutual Release, when you went to the bank you represented to them that there was only $200,000.00 immediately available and that the $200,000.00 balance would be paid the next day. *Yet, as you are well aware, you have failed and refused and continue to fail and refuse to pay them the outstanding balance of $200,000.00 which is fully due and owing.*

R. 420 (emphasis added). The demand letter can be plausibly read to provide that the entire $400,000 was to come from Daryanani. And the letter does not mention an ownership interest held by Inspirations or an expectation that the remaining $200,000 was to come from Inspirations.

In addition, Daryanani testified[3] that "Inspirations Imports [did not] receive anything in connection" with the check written from its operating account. R. 443. He also testified that "Inspirations [did not] acquire at [the time of the transaction] or at any time an interest

_____

[3]When called to testify at trial, Daryanani invoked the Fifth Amendment and refused to answer any of the questions posed to him other than certain preliminary questions establishing his unwillingness to testify. A transcript of his August 25, 2011 deposition, however, was admitted in evidence.

in [Starman]." *Id.*

Finally, a letter dated February 4, 2009 and signed by Daryanani and the remaining Starman partners ("February 4, 2009 Letter") provides that "the following was discussed and passed by motion[:]  That Kevin Mokhabery and Ana Alcala have sold their share (20%) *to Nick Daryanani* for the sum of $400,000." *Id.* at 355 (emphasis added).  It lists Daryanani's 20% ownership interest without any reference to ownership by Inspirations.  Raja Bellani, who was among the signatories to the February 4, 2009 Letter, testified that the purpose of the letter was to signify the Starman partners' consent to the transfer of the membership interest.  He explained that, without the partners' consent, Alcala and Mokhabery could not have sold their 20% membership interest to Daryanani.  There is no evidence that the Starman partners ever consented to a sale of the membership interest to Inspirations or that Appellants could have sold the membership interest to Inspirations without the consent of the remaining Starman partners.

Having reviewed the trial record, the court is not "left with the definite and firm conviction" that the bankruptcy court made a mistake in finding that appellants transferred their membership interest solely to Daryanani.  *See Johnson Sw.*, 205 B.R. at 827.  Instead, the bankruptcy court's pertinent findings are plausible in light of the evidence presented. Because the bankruptcy court did not commit clear error in finding that the membership interest was transferred solely to Daryanani—not to Inspirations—the bankruptcy court did not err in finding and concluding that Inspirations did not receive reasonably equivalent

value in exchange for the transfer of the $200,000 from its operating account.[4]

B

1

Appellants argue that Daryanani treated Inspirations as his alter ego, using Inspirations for his personal purposes and commingling corporate and individual property, and that the court should apply a "reverse veil piercing" theory and deem the benefit to Daryanani (the membership interest) a benefit to Inspirations.  They maintain that Daryanani

> blatantly disregarded the separation of the corporate enterprise as was proven without dispute at the trial. . . .  By Daryanani['s] writing the $200,000 check to pay Appellant Alcala out of the Debtor's corporate account, Daryanani intended to benefit himself and his company since they were being treated by him as one in the same.  In the interest of protecting Appellants as individual creditors, the Debtor should be treated as an alter ego of Daryanani.

Appellants Reply Br. 3.

The Trustee responds that there was no evidence presented at trial to support a finding of alter ego, and, even if such evidence had been presented, the alter ego doctrine does not provide a defense to the Trustee's fraudulent transfer claim.

2

An alter ego remedy is a type of equitable relief available under Texas law "when

---

[4]To the extent Appellants argued before the bankruptcy court that Inspirations received "reasonably equivalent value" in exchange for its $200,000 by virtue of its being released from liability, as agreed to in the Mutual Release, Appellants have not preserved this argument on appeal.

there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *SEC v. Res. Dev. Int'l, LLC*, 487 F.3d 295, 302 (5th Cir. 2007) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)).  Traditional veil-piercing uses the alter ego doctrine to break through corporate formalities and include the assets of a shareholder as assets of a corporation.  *See* Tex. Bus. Org. Code Ann. § 21.223(b) (West 2012) (requiring actual fraud to hold shareholder liable for contractual obligations of corporation); *In re Moore*, 379 B.R. 284, 291 (Bankr. N.D. Tex. 2007) (discussing traditional use of corporate veil piercing to "mak[e] a *shareholder* liable for a *corporation's* contractual debts").  Reverse veil-piercing, which is a common-law doctrine recognized in Texas, renders the assets of a corporation liable for the debts of its shareholder.  *See Moore*, 379 B.R. at 292 (noting that reverse veil-piercing "appl[ies] the traditional veil piercing doctrine in reverse, so that a *corporation's* assets are held accountable for the liabilities of *individuals* who treated the corporation as their alter ego" (citing *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 243 (5th Cir. 1990))).

Appellants argue that the bankruptcy court should have found that Inspirations was Daryanani's alter ego and, accordingly, should have held that the benefit Daryanani obtained from the $200,000 transfer from Inspirations' account (the membership interest) was a benefit to Inspirations.  Appellants have cited no case, however, nor has this court located one in which a court has found reasonably equivalent value to the debtor by piercing the

corporate veil and treating the shareholder's assets as assets of the debtor corporation.[5] "The alter ego doctrine is merely a means of piercing the corporate veil to hold individuals personally liable in ceratin actions, and is remedial in nature, not defensive." *Weaver v. State*, 652 S.W.2d 420, 422 (Tex. App. 1982, no pet.). The bankruptcy court did not commit clear error in this respect.

C

Finally, Appellants argue that the truly fraudulent transfer in this case occurred between Inspirations and Daryanani. They maintain that Alcala sold her membership interest to Daryanani and Inspirations for $400,000, and that, after Daryanani and Inspirations each put up $200,000 for the membership interest, "Daryanani, in a document not signed by either of the Appellants, put the membership interest purchased by [Inspirations] in his own name." Appellants Br. 12. The court has already held that the bankruptcy court did not commit clear error in finding that Appellants transferred their membership interest solely to Daryanani. The bankruptcy court thus did not commit reversible error in omitting to consider the transfers from Inspirations to Daryanani to be without reasonably equivalent value. *Id.* at 13.

---

[5]Appellants argue that "reverse veil piercing" is warranted in this case. Appellants Br. 11. But Appellants are not seeking to treat the assets of the corporation (Inspirations) as the assets of its shareholder (Daryanani). Rather, they are seeking to treat Daryanani's assets (the membership interest) as an asset of Inspirations, which is more akin to a traditional veil piercing theory.

IV

Appellants argue that appellant Mokhabery cannot be held liable because he was not an initial or subsequent transferee of the $200,000 in funds from Inspirations; the check from Inspirations was made out solely to Alcala.

11 U.S.C. § 550(a) provides that, to the extent a transfer is avoided under § 548, the trustee can recover the value of such property from "the initial transferee of such transfer or the entity for whose benefit such transfer was made," or "any immediate or mediate transferee of such initial transferee."  It is undisputed that Alcala and Mokhabery were married at the time of the transfer; are still married; and, at the time of the transfer, the membership interest was jointly owned by Alcala and Mokhabery.  Under Texas law, because the membership interest was community property, the payment received in exchange for that membership was also a community property, which means that Mokhabery and Alcala were both transferees despite the fact that the check was made out only to Alcala.  *See In re Sissom*, 366 B.R. 677, 703 (Bankr. S.D. Tex. 2007) (under Texas law, spouses can only effectuate a consensual division of community property into separate property by executing a written agreement, so when debtor gave proceeds from sale of stock to his wife to deposit into her bank account, he did not change their status as community property).[6]  The

---

[6]At oral argument of this appeal, Appellants asserted that, under Texas law, property acquired as community property could be divided into the separate property of each spouse. There is no evidence, however, that Mokhabery ever owned his membership interest as separate property or that he and Alcala engaged in a transaction that converted his undivided community property interest into a separate property interest.

bankruptcy court thus did not err in holding Alcala and Mokhabery jointly and severally liable under 11 U.S.C. § 550(a).

V

Finally, Appellants argue that the bankruptcy court erred in not compelling the testimony of Daryanani after he invoked his Fifth Amendment right against self incrimination.  They maintain that there was no reasonable cause for Daryanani to apprehend danger from direct answers regarding his dealings as owner of Inspirations because he had already admitted and pleaded to federal bank fraud at the time he asserted his Fifth Amendment right.

Assuming *arguendo* that the bankruptcy court abused its discretion in its evidentiary ruling, Appellants must still demonstrate that their substantial rights were prejudiced. Appellants do not argue that a substantial right has been affected by Daryanani's refusal to testify during the trial, and they certainly have not shown that their substantial rights were prejudiced.  There is therefore no basis to disturb the bankruptcy court's decision based on its evidentiary rulings.

*   *   *

Appellants have failed to demonstrate that the bankruptcy court committed any error

that warrants reversing its judgment.   Accordingly, the judgment is

AFFIRMED.

April 3, 2014.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE